## PEEPLES v. MIMS.

AMENDING PLEADINGS—JURISDICTION.—A CIRCUIT JUDGE at a subsequent term may vacate an order requiring a party to amend his pleading by adding a party defendant, because such an order comes within the rule that an amended pleading at time of trial is subject to same objections as if amendments were originally incorporated.

Before BENET, J., Hampton, February, 1899. Affirmed.

Action by W. M. Peeples against Cordry Mims, and after his death continued by order against his heirs at law. From Circuit order vacating order at previous term, requiring administrator of deceased mortgagor to be made party defendant, defendants appeal.

*Messrs. W. S. Tillinghast* and *Leroy F. Youmans,* for appellants, cite: *Order unappealed from is binding:* 15 S. C., 535; 11 Rich. Eq., 48. *Act, 23 St., 347, amending act requiring admr. of mtgor. to be made party does not apply to this case:* 61 S. C., 4. *Defense being payment, pleaded by mortgagor in his lifetime, should be sustained by administrator:* 3 P. W., 333; 2 Hill Ch., 256; Rice Eq., 373; 11 Rich. Eq., 448.

*Messrs. E. F. Warren* and *A. M. Boozer,* contra, cite: *Judge could rescind order not complied with and now unnecessary:* Code, 194; 9 S. C., 334. *And such discretion should not be disturbed:* 18 S. C., 305; 26 S. C., 474; 31 S. C., 588; 32 S. C., 57; 56 S. C., 90; 57 S. C., 502. *Court may allow amendment at subsequent time:* 15 Ency., 349; 1 S. C., 112; 139 Ill., 129; 7 Allen, 378; 43 Miss., 373.

June 12, 1902. The opinion of the Court was delivered by

MR. JUSTICE GARY. The question raised by this appeal is whether his Honor, the Circuit Judge, had the power to set aside and vacate, in 1901, a previous order made by him in 1899, requiring the complaint to be amended by substituting the administrator of the mortgagor (who died during the pendency of the action) as a party defendant. At the time the order was made, in 1899, the personal representative of the deceased mortgagor was a necessary party to an action for foreclosure. *Simon* v. *Sabb,* 56 S. C., 38. The case just mentioned shows that the act therein discussed related merely to the remedy, and that it showed upon its face that it had reference to the foreclosure of mortgages executed prior as well as those executed subsequent to its passage. In 1900, 23 St., 349, the said act was amended by adding at the end of section 1 the following proviso: *"Provided, however,* That nothing herein contained shall render it necessary, nor shall it be necessary, to make the personal representative of a deceased mortgagor a party to any foreclosure proceeding; nor in any foreclosure proceeding (if the mortgagor be dead) shall it be necessary to first establish the debt by the judgment of some Court of competent jurisdiction in order to obtain a decree of foreclosure and sale; nor shall it be necessary to make the mortgagor, who may have conveyed the mortgaged premises, a party to any action for foreclosure where no judgment for any deficiency is demanded: *Provided, further,* That no sale heretofore made under foreclosure proceedings to which the

personal representatives of deceased mortgagors were not parties shall be invalid by reason of the absence of such personal representatives : *Provided, further,* That nothing herein contained shall be construed to affect in any way the provisions of the act entitled 'An act to amend an act entitled an act to regulate the foreclosure of mortgages of real estate,' approved March 9th, A. D. 1896."

Sec. 194 of the Code is as follows : "The Court may, before or after judgment, in furtherance of justice and on such terms as may be proper, amend any pleading, process or proceeding by adding thereto or striking out the name of a party, or by correcting a mistake in the name of a party, or a mistake in any other respect; or by inserting other allegations material to the case; or when the amendment does not change substantially the claim of defense, by conforming the pleading or proceeding to the facts proved." The practical effect of the order made in 1901 was to amend the pleadings by striking out the name of a party defendant. Under the foregoing section of the Code the Court had the right to make such an order at any time. The order passed in 1899 did not prevent the Court from exercising this right. In the case of *Pickett* v. *Fidelity Co.*, 52 S. C., 584, the Court says : "It seems that the appeal has been taken under a misapprehension of the force and effect of the order requiring the amendments. A party is compelled to amend his complaint, so as to conform to an order requiring amendments to be made, but the materiality of the amendment is a question to be determined by the Judge before whom the case is tried. An order requiring amendments expends its force when the issues in conformity to it are presented upon the trial of the case; and when thus presented, the trial Judge is as untrammeled in considering the materiality of any allegations of the complaint as if the allegations had been inserted in the first instance by the plaintiff's attorneys." This shows that after an amendment has been incorporated in the complaint, the entire complaint is subject to the provisions of sec. 194 of the Code, and that the Circuit Judge

had the right and properly granted the order appealed from.

It is the judgment of this Court, that the order of the Circuit Court be affirmed.